*1175 CARLTON, J.,
dissenting:
¶ 19. I respectfully dissent, applying to our deferential standard of review. I submit that our standard of review requires affirmance of the Panola County Circuit Court’s decision, which affirmed the decision of the Board of Alderman of the City of Batesville.
¶ 20. We review the grant of a variance by a municipal board under the same standard of review that we review an administrative agency’s adjudicative decision. Hall v. City of Ridgeland, 37 So.3d 25, 33 (¶ 36) (Miss.2010). In compliance with this limited standard of review, a decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence, was arbitrary and capricious, was beyond agency scope or power, or violated the constitutional or statutory rights of an aggrieved party. Uniform Rule of Circuit and County Court 5.03 sets forth this standard of review as does our jurisprudence as reflected in Hall.
¶ 21. As acknowledged by the circuit court, the information presented to the Board for consideration contained evidence of a public need for a good source of local aggregate. This information before the Board also claimed that the project constituted a good asset for the community’s economy[6] and that the future development of that property would likely cause the City of Batesville to lose that resource. The variance approved by the City allowed the Memphis Stone & Gravel Company to operate this mine temporarily for a two- and-one-half-year period[7] and in turn provided an asset for the City’s economy. Moreover, as argued by the City’s attorney before the circuit court, the community would receive benefit from the resource for local aggregate to encourage local infrastructure projects in the city during the two-and-one-half-year period of the temporary variance.
¶ 22. I submit that the Board exercised authority within its power and scope, and the information before the Board contained evidence supporting its decision. The Mayor and the Board of Aldermen reached the decision to grant the variance only after the planning commission voted unanimously to approve the variance request and also after a public hearing was held where opponents appeared to express their objections to the request.
¶ 23. Therefore, I must respectfully dissent.
MYERS, P.J., AND BARNES, J., JOIN THIS OPINION.

. The information provided to the Board for consideration contained evidence that the community would derive a benefit from the variance.

. This temporary variance allows the retrieval of a resource where that resource and its benefit to the community would be lost to future development of the property. I fail to find that this temporary variance constitutes spot zoning or permits reclassification of the property for a permanent use prohibited by the original zoning. I therefore find a difference in the grant of this temporary variance and the grant of a variance for a permanent prohibited use, such as a service station or quick stop grocery, that would potentially alter the character of a residential district for the long term.